IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIFFANI N. NEUBEL-JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1029-SDJ-KPJ |
| | § | |
| COLLIN COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Collin College's ("Defendant") Motion to Dismiss and Brief in Support (the "Motion to Dismiss") (Dkt. 15). Plaintiff Tiffani N. Neubel-Johnson ("Plaintiff") did not respond.[1] For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 15) be **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

**A.     Procedural History**

On December 1, 2022, Plaintiff, proceeding *pro se*, initiated the instant lawsuit by filing the Complaint (Dkt. 3) against Defendant in the Northern District of Texas. *See* Dkt. 3. On December 5, 2023, United States Magistrate Judge Irma Carrillo Ramirez raised the issue of venue *sua sponte* and transferred this case to the Sherman Division of the Eastern District of Texas. *See*

---

[1] In the Motion to Dismiss (Dkt. 15), Defendant represents that, on August 17, 2023, it served Plaintiff "via U.S. First Class Mail and Certified Mail Return Receipt Requested." *See* Dkt. 15 at 5. "A party opposed to a motion has fourteen days . . . from the date the motion was *served* in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." LOC. R. CV-7(e) (emphasis added). Service of a "written motion" by "mailing it to the person's last known address . . . is complete upon mailing." FED. R. CIV. P. 5(a)(1)(D), (b)(2)(C). As Defendant served Plaintiff with the Motion to Dismiss (Dkt. 15) on August 17, 2023—many months ago—it is ripe for decision. *See* LOC. R. CV-7(e).

1

Dkt. 6 at 2. On August 17, 2023, Defendant filed the Motion to Dismiss (Dkt. 15). Plaintiff did not respond.

**B.     Factual Allegations**

In the Complaint (Dkt. 3), Plaintiff alleges that she was employed by Defendant. *See* Dkt. 3 at 1. During her employment, Plaintiff alleges that she never received "any written or emailed communications indicating poor performance or dissatisfaction with professionalism." *Id.* However, on April 22, 2021, she "emailed [her] supervisor [to] request [an] accommodation to allow [her] to finish the work projects" due to her "disabilities." *Id.* After that email, Plaintiff alleges that she received "months of harassment, retaliations[,] and [an] ignored accommodation request." *Id.* In addition, Plaintiff alleges that she received "disciplinary actions" that were "based on false information." *Id.*

Plaintiff further alleges that, after this pattern of mistreatment, she lodged a "formal complaint" against Defendant, who "failed to properly investigate [her] claims." *See id.* at 1–2. Subsequently, Plaintiff received a "performance improvement plan that [was] impossible to do based on [her] disabilities." *Id.* at 2. For several months, Plaintiff alleges that her "supervisor claimed to not know anything about [her] disabilities." *Id.* But Plaintiff alleges that her supervisor must have known about them, as she was approved "to have [her] service dog at work since the first day of [her] employment." *Id.*

Plaintiff also alleges that she has "multiple recordings" of her "supervisor being dismissive and uncooperative with [her] regarding [her] disabilities." *Id.* at 2–3. Likewise, Plaintiff alleges that she has a recording of her supervisor stating that her "disabilities are irrelevant" and that "he didn't have to make any accommodation." *Id.* at 3. Finally, Plaintiff alleges that, during October 2021, she "submitted a formal accommodation request" with supporting medical

documentation. *Id.* According to Plaintiff, this request was ignored, and she therefore resigned in January 2022. *See id.*

Based on the foregoing allegations, Plaintiff asserts three claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (the "ADA"), including: (1) discrimination; (2) retaliation; and (3) failure to accommodate. *See* Dkt. 3 at 4. Plaintiff further seeks $4,000,000.00 in damages. *Id.*

**C.     Motion to Dismiss**

In the Motion to Dismiss (Dkt. 15), Defendant argues that Plaintiff fails to make "specific factual allegations" supporting the existence of a disability. *See* Dkt. 15 at 3. Specifically, Defendant contends that Plaintiff fails to allege "a record of impairments" and "how such alleged impairments affected or were perceived to limit her major life activities." *Id.* In other words, Defendant avers that "there are no factual allegations giving rise to a plausible inference that Plaintiff had a disability." *Id.* Thus, according to Defendant, the Complaint (Dkt. 3) should be dismissed "in its entirety." *Id.* at 4. Defendant also notes that, even if Plaintiff sufficiently alleged the existence of a disability, she fails "to include any factual allegations regarding the accommodations she requested" and "does not include any factual allegations that she was replaced by a non-disabled person or treated less favorably than non-disabled employees." *Id.* at 4 n.1.

**II.     LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the

plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "not bound to accept as true 'a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.  ANALYSIS

**A.  Discrimination**

To state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege: "(1) that [she] has a disability; (2) that [she] was qualified for the job; and (3) that [she] was subject to an adverse employment decision on account of [her] disability." *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 797, 799 (5th Cir. 2018) (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)) (internal quotation marks omitted). Under the ADA, "'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2). The determination of "whether a plaintiff has a disability . . . requires an individualized assessment of the impact of the impairment on an individual's major life activities." *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023) (citing *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 223 (5th Cir. 2011)).

As Defendant points out, *see* Dkt. 15 at 3, besides the conclusory assertion that she has "disabilities," Plaintiff wholly fails to plausibly allege the existence of a qualifying disability. *See* Dkt. 3. Plaintiff does not explain what her alleged disabilities are, how they substantially limit one or more major life activities, or why they otherwise constitute disabilities within the meaning of the ADA. *See id.* at 1–3. Due to this omission, Plaintiff fails to state a discrimination claim. *See, e.g.*, *King v. Sharp*, No. 21-cv-1005, 2023 WL 4303637, at *8 (E.D. Tex. June 30, 2023) ("But

5

[the plaintiff] does not specify that his knee injury—whatever it was—substantially limited a major life activity of any kind, and there is no basis for the Court to conclude that his knee injury rises to the degree of seriousness to qualify as a disability under the ADA." (citing *Luedecke v. Tenet Healthcare Corp.*, No. 14-cv-1582, 2015 WL 58733, at *6 (N.D. Tex. Jan. 5, 2015))); *Norris v. Saafe House*, No. 23-cv-752, 2023 WL 8456140, at *4 (S.D. Tex. Dec. 6, 2023) (dismissing discrimination claim because the plaintiff failed to "describe the nature of her disability [and] her level of impairment"). Thus, the Motion to Dismiss (Dkt. 15) should be granted with respect to Plaintiff's discrimination claim.

**B.    Retaliation**

The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). To state a claim for retaliation under the ADA, a plaintiff must plausibly allege: "(1) she engaged in an activity protected by the ADA; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected act and the adverse action." *Credeur v. Louisiana*, 860 F.3d 785, 797 (5th Cir. 2017) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). A plaintiff need not actually be disabled to prevail on a retaliation claim under the ADA. *See Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011) (citing *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 n.1 (5th Cir. 2008)); *Bracken v. G6 Hosp. LLC*, No. 14-cv-644, 2016 WL 3946791, at *6 (E.D. Tex. June 3, 2016) (quoting *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 689–90 (7th Cir. 2010)), *R. & R. adopted*, 2016 WL 3917701 (E.D. Tex. July 20, 2016). A plaintiff need only have a "reasonable, good faith belief that the statute has been violated." *Tabatchnik*, 262 F. App'x at 676 (citation omitted).

Defendant makes no argument specifically directed at Plaintiff's retaliation claim; rather, Defendant relies on its general contention that Plaintiff fails to allege that she has a disability. *See* Dkt. 15 at 3–4. While this may be true, having a disability is not an essential element of a retaliation claim under the ADA. *See Tabatchnik*, 262 F. App'x at 676 & n.1. In addition, Defendant does not challenge whether Plaintiff has sufficiently alleged engaging in a protected activity and suffering an adverse employment action as a result. *See* Dkt. 15. Therefore, the Motion to Dismiss (Dkt. 15) should be denied with respect to Plaintiff's retaliation claim.

**C.  Failure to Accommodate**

To state a claim for failure to accommodate under the ADA, a plaintiff must plausibly allege: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (cleaned up). Defendant argues that Plaintiff fails to sufficiently allege that she has a disability. *See* Dkt. 15 at 3–4. The Court agrees. As discussed above, Plaintiff does not allege what her disabilities are, how they substantially limit one or more major life activities, or why they otherwise constitute disabilities within the meaning of the ADA. *See* Dkt. 3 at 1–3. Thus, for the same reason Plaintiff fails to state a claim of discrimination, she similarly fails to state a failure to accommodate claim. As such, the Motion to Dismiss (Dkt. 15) should be granted with respect to Plaintiff's failure to accommodate claim.

**D.  Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally

be offered an opportunity to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Plaintiff to amend her complaint is warranted. Plaintiff is proceeding *pro se*, and this is the first time the Court has addressed the sufficiency of her allegations. In addition, the infirmities identified by the Report and Recommendation may be remedied by an amended complaint. For example, Plaintiff could allege what her disabilities are and how they limit one or more major life activities. Therefore, the Court recommends that Plaintiff be given leave to amend her complaint.

## I. CONCLUSION

For the foregoing reasons, the Court recommends that the Motion to Dismiss (Dkt. 15) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Dismiss (Dkt. 15) should be **GRANTED** as to Plaintiff's discrimination and failure to accommodate claims and **DENIED** as to Plaintiff's retaliation claim.

The Court further recommends that Plaintiff be given leave to file an amended complaint no later than fourteen (14) days after receipt of the Memorandum Adopting Report and Recommendation, if any.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 27th day of December, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE